UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LE'SEAN EDGE,
    Plaintiff,

vs

RON ERDOS, *et al.*,
    Defendants.

Case No. 1:21-cv-532

McFarland, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Plaintiff has filed a request for issuance of a temporary restraining order and/or preliminary injunction in connection with a prisoner civil rights complaint brought under 42 U.S.C. § 1983. (Doc. 6). For the reasons stated below, the undersigned recommends that the motion be denied.

On August 18, 2021, plaintiff filed a prisoner civil rights complaint. (Doc. 3). Plaintiff alleges that defendants violated his Eighth Amendment rights. On September 7, 2021, the undersigned issued a Report and Recommendation to dismiss the complaint, which remains pending before the Court. (Doc. 4). Because plaintiff seeks money damages from the named defendants in their official capacities only, the complaint is subject to dismissal under the Eleventh Amendment.

In the motion for a preliminary injunction and/or temporary restraining order, plaintiff alleges that he has been retaliated against and threatened by prison officials. He requests that this Court transfer him to a different facility and order prison officials to stop retaliating and threatening him. (*See* Doc. 6 at PageID 47).

In determining whether to issue a preliminary injunction, this Court must balance the following factors:

    1.    Whether the party seeking the injunction has shown a "strong" likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

*Leary v. Daeschner*, 228 F.3d 729, 736 (6th Cir. 2000); *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Regional Transit Authority*, 163 F.3d 341, 347 (6th Cir. 1998); *Southern Milk Sales, Inc. v. Martin*, 924 F.2d 98, 103 n.3 (6th Cir. 1991). The four factors are not prerequisites, but must be balanced as part of a decision to grant or deny injunctive relief. *Leary,* 228 F.3d at 736; *Performance Unlimited v. Quester Publishers, Inc.*, 52 F.3d 1373, 1381 (6th Cir. 1995). A preliminary injunction is an extraordinary remedy that should only be granted if the movant carries his burden of proving that the circumstances clearly demand it. *Leary*, 228 F.3d at 739.

The Court finds that a preliminary injunction is not warranted in this case. As an initial matter, the undersigned finds that plaintiff has not met his burden to demonstrate a strong likelihood of success on the merits. *Cf. Perdue v. Morgan*, No. 1:13-cv-878, 2014 WL 4912924, at *4 (S.D. Ohio Sept. 30, 2014) (noting the significant burden for a plaintiff under the Eighth Amendment in denying preliminary injunctive relief). As noted in the pending Report and Recommendation, plaintiff's claims for money damages against defendants in their official capacities is barred by the Eleventh Amendment. (*See* Doc. 4). Furthermore, a preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction—to preserve the status quo until a trial on the merits can be held, *see Martin*, 924 F.2d at 102— would not be served. The remedy plaintiff seeks is more than an injunction maintaining the

status quo; he seeks an Order from this Court requiring defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id*.

Accordingly, in sum, it is **RECOMMENDED** that plaintiff's request for a preliminary injunction and/or temporary restraining order (Doc. 6) be **DENIED.**

     *s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

LE'SEAN EDGE,
    Plaintiff,

vs

RON ERDOS, *et al.*,
    Defendants.

Case No. 1:21-cv-532

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).