**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

LE'SEAN EDGE,

    Plaintiff,

v.

RON ERDOS, et al.,

    Defendants.

Case No. 1:21-cv-00532

McFarland, J.
Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

**I.    Background**

Plaintiff, an inmate currently incarcerated at Toledo Correctional Institution, filed a prisoner civil rights complaint on August 18, 2021. (Doc. 3). On March 22, 2022, Plaintiff filed an amended complaint.  Upon initial screening of the amended complaint, the Court permitted Plaintiff to proceed with his First Amendment retaliation claims against Defendants Kinner, Barney, and Erdos in their individual capacities, based on his allegation that those Defendants retaliated against him for witnessing and writing grievances concerning a February 13, 2021 attack.  (See Docs. 15, 16, 37).

Currently pending are: (1) Plaintiff's Motion to Compel Discovery, to which Defendants have filed a response in opposition (Docs. 33, 34); (2) Plaintiff's Notice for Declaration of Entry of Default (Doc. 38); and (3) Plaintiff's second motion for the appointment of counsel (Doc. 35).

**II.  Analysis**

**A.  Plaintiff's Procedurally Improper Discovery Motion**

Plaintiff's motion is governed by Federal Rule Civil Procedure 37(a)(1) as well as Local Rule 37.1.  Both provisions require parties to exhaust extra-judicial efforts to resolve any discovery dispute prior to filing a motion with the court.  If a motion is filed, Rule 37(a)(1) requires it to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."  *Id.*  Local Rule 37.1 similarly provides that "motions…relating to discovery shall not be filed in this Court under provision in Fed. R. Civ. P. 26 or 37 unless the parties have first exhausted among themselves all extrajudicial means for resolving their differences."

It is true that the rules of civil procedure are based on the assumption that litigation is usually conducted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993).  However, in *McNeil*, the Supreme Court made clear that courts need not and should not interpret "procedural rules in ordinary civil litigation … so as to excuse mistakes by those who proceed without counsel." *Id*.  The Sixth Circuit has similarly held that "while *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues…, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991).  Thus, the fact that Plaintiff proceeds pro se does not excuse full compliance with the Federal Rules of Civil Procedure. *See Burfitt v. Bear*, 2016 WL 5848844 *2 (S.D. Ohio 2016) (warning that full compliance with Local Rule 37.1 and Rule 37 is not excused by pro se status).

Plaintiff's Motion for an Order Compelling Discovery will be denied because it fails to comply with the straightforward procedural requirements of Fed. R. Civ. P. 37 and Local Rule 37.1. Not only has Plaintiff failed to provide the requisite certification that he exhausted all extrajudicial means to resolve his discovery dispute prior to filing his motion, but it appears that Plaintiff filed his motion prior to the date that Defendants' responses were due.  (*See* Doc. 34). Therefore, in addition to being procedurally improper, Plaintiff's motion is premature.[1]

### B.  Plaintiff's Second Motion for the Appointment of Counsel

In addition to his motion to compel discovery, Plaintiff has filed a second motion for the appointment of counsel in which he asks this court to "reconsider" the prior denial of "this very same motion."  (Doc. 39 at 1). Plaintiff seeks the appointment of counsel under 28 U.S.C. § 1915(e)(1), which *permits* but does not *require* the appointment of counsel for indigent persons.  *See id*. (stating court "may" appoint counsel for "any person unable to afford counsel.").

Once again, the Court exercises its discretion to deny Plaintiff's motion.  In both a prior case filed by Plaintiff[2] and in the above-captioned case, Plaintiff has demonstrated that he is articulate and fully capable of prosecuting his claims, which – on the whole – appear to be no more complex than thousands of similar claims filed by pro se prisoners each year in the federal courts. Notwithstanding his poverty and current incarceration,

---

[1]Plaintiff served a total of three separate sets for discovery.  (See Doc. 34).  The first two sets, received June 30, 2022 and July 13, 2022, were served solely on co-counsel John Bates.  Those two sets bore enough similarity "to cause confusion on which version to respond to." (Doc. 34 at 1).  Before defense counsel could send a letter seeking clarification, Plaintiff served a third set of discovery requests on lead counsel Assistant AG Duckworth.  The third set, received August 9, 2022, has been interpreted by Defendants as the controlling set of requests.  Counsel represents that Defendants intend to timely respond to that third set.
[2]*See Edge v. Mahlman*, Case No. 1:20-cv-892-TSB-SKB  (closed March 18, 2022). The undersigned also denied Plaintiff's motion for the appointment of counsel in that case.

Plaintiff has filed numerous motions and other documents. In its last order denying the appointment of counsel, the undersigned explained that civil litigants have no constitutional right to the appointment of counsel at government expense. *See Anderson v. Sheppard*, 856 F.2d 741 (6th Cir. 1988). The undersigned further stated that this case simply does not present the type of "exceptional circumstances" that would justify the rare appointment of free counsel for a pro se civil litigant. *Lavado v. Keohane*, 992 F.2d 601, 605-606 (6th Cir. 1993).

In his latest motion, Plaintiff complains that his case has merit, that he is indigent, and that his ability to investigate and conduct discovery is "very limited." (Doc. 39). He argues that his recent transfer to another penal institution has further disadvantaged him. However, none of Plaintiff's arguments alter this Court's prior analysis. Moreover, Plaintiff is forewarned that any further duplicative motions seeking the appointment of counsel prior to the Court's ruling on any dispositive motions will be summarily denied. Unless and until this case proceeds beyond dispositive motions and a trial date is scheduled by the presiding district judge, there is no basis for the appointment of counsel.

### C. Plaintiff's Construed Motion/Declaration for Entry of Default

On September 19, 2022, Plaintiff filed a "Declaration for Entry of Default" in which he alleges that Defendants failed to timely answer or otherwise respond to his amended complaint, and therefore should be found to be in default. (Doc. 38). Though not technically captioned as a motion, Defendants appropriately construed the "declaration" as a motion and filed a response in opposition on October 2, 1011. (Doc. 41). As Defendants point out, their motion for leave to file their answer out-of-time based upon excusable neglect was previously granted by this Court. Therefore, Defendants' answer

4

was deemed timely filed on August 2, 2022.  (*See* Docs. 26, 29).  Accordingly, Plaintiff's construed motion for entry of default will be denied.

### III.     Conclusion and Order

For the reasons stated, **IT IS ORDERED THAT**:

1. Plaintiff's motion for an order compelling discovery (Doc. 33) is **DENIED**;

2. Plaintiff's second motion for the appointment of counsel (Doc. 39) is **DENIED**;

3. Plaintiff's Notice/Declaration for Entry of Default, hereby construed as a motion seeking entry of default (Doc. 38), is **DENIED**.

*Stephanie K Bowman*
_____
Stephanie K. Bowman
United States Magistrate Judge