**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

| | |
|---|---|
| LE'SEAN EDGE, | Case No. 1:21-cv-532 |
| Plaintiff, | |
| | Hopkins, J. |
| v. | Bowman, M.J. |
| RON ERDOS, et al., | |
| Defendants. | |

**MEMORANDUM ORDER**

Plaintiff filed suit in August 2021, and amended his prisoner civil rights complaint on March 22, 2022. On August 2, 2022, the Court filed a calendar order that directed the parties to complete discovery by March 1, 2023 and to file dispositive motions by May 1, 2023. (Doc. 30). Pending before the Court are three motions: (1) Plaintiff's "motion to consider the evidence" (Doc. 47); (2) Defendants' motion for summary judgment (Doc. 48); and (3) Plaintiff's cross-motion for summary judgment (Doc. 53).

A closer look at Plaintiff's April 24, 2023 "motion to consider the evidence" reveals that Plaintiff captioned his document as a "Dispositive Motion." The caption and timing suggest that Plaintiff may have intended the motion to comply with the Court's May 1, 2023 dispositive motion deadline. On the other hand, the motion is procedurally improper insofar as it contains no proposed findings or substantive argument but merely lists "evidence" that Plaintiff claims to have in his possession. The motion concludes with a request that the Court "highly consider this [list of] evidence" and "subpoena even more valuable evidence" on Plaintiff's behalf if the case should proceed to trial "due to [Plaintiff's] current circumstance of incarceration." (Doc. 47 at 2, PageID 291). Defendants

filed no response to Plaintiff's April 24 motion, but instead, filed their own motion for summary judgment on the Court's dispositive motion deadline of May 1, 2023.[1] (Doc. 50). Plaintiff filed a timely response to Defendants' motion on May 18, 2023, to which Defendants filed a reply. (Docs. 51, 52).

Separate from his response to Defendants' motion, Plaintiff filed a cross-motion for summary judgment on May 30, 2023. The certificate of service bears a date of May 22, 2023, while the envelope indicates a mailing date of May 25, 2023. Assuming that Plaintiff placed his motion for summary judgment in the prison mail system on May 22, 2023, the record reflects a motion that was not filed (under the mailbox rule) until three weeks beyond the Court's deadline. Plaintiff sought no extension of that deadline but Defendants also did not oppose the tardy filing. In fact, Defendants have filed no response at all to Plaintiff's motion for summary judgment.

Pro se litigants are required to comply with all rules of civil procedure and court deadlines. Still, this Court typically will grant a reasonable extension of time in the absence of any objection by opposing counsel. In the case presented, the interests of justice favor the construction of Plaintiff's motion for summary judgment as timely filed. Plaintiff made some attempt to comply with the original deadline.(*see* Doc. 47). Additionally, Defendants did not object to Plaintiff's motion as untimely. And the record reflects that this Court previously granted a much longer extension of time to allow Defendants to file their Answer *Instanter*, after they sought to file their responsive pleading two months after the expiration of the deadline for response. (*See* Doc. 26 and Notation

---

[1] Because of the failure of the original document to comply with Local Rule 5.1(c ), Defendants re-filed their motion on May 2, 2023.

Order of 8/2/22). Last but not least, any potential prejudice to Defendants is ameliorated by providing a new window of time for them to respond

In granting Plaintiff a *sua sponte* extension of time to consider his motion for summary judgment timely, however, the Court will deny Plaintiff's April 24, 2023 "motion to consider the evidence" and/or "dispositive motion." Whereas Plaintiff's more recent motion for summary judgment contains 25 pages of argument supported by one exhibit, his first "dispositive motion" is cursory, consisting of two pages of a purported list of evidence, with no relevant argument or attached exhibits. Plaintiff has no right to file more than one Rule 56 motion,[2] and the Court's consideration of his more substantive and later-filed motion renders moot his earlier version.

For the reasons stated, **IT IS ORDERED THAT**:

1. Plaintiff's "motion to consider the evidence" or first "dispositive motion" (Doc. 47) is **DENIED AS MOOT** because it is superseded by Plaintiff's later-filed motion for summary judgment;
2. Plaintiff's motion for summary judgment (Doc. 53) will be considered as if timely filed as of the date of this Order;
3. Defendants shall file any response to Plaintiff's Rule 56 motion not later than twenty-one (21) days from the date of this Order, with Plaintiff to file any reply memorandum not later than fourteen (14) days from the date of service of Defendants' response;

---

[2]Plaintiff has filed more than one duplicative motion. (*See* Doc. 42, denying second motion for the appointment of counsel)

3

4. Plaintiff is reminded that duplicate filings are strongly discouraged and that the rules permit only a single reply memorandum in support of his pending motion for summary judgment;

5. Apart from the response and reply memoranda referenced in paragraph 3, this case is fully briefed pending the Court's review of the pending cross-motions for summary judgment. (*See* Docs. 48, 53).

       *s/Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge